By the Court.
It appears by the Justice’s return that he issued an attachment against one Curtis, at the suit of Ballentine, the defendant in this writ, and that the constable attached in the hands of Braekon, the plaintiff in this cause, a debt of *485 fifteen dollars, as due from him to Curtis, the defendant in attachment, but it does not appear that Brackon was warned to appear, or that he had any notice of the attachment. On the day appointed for the hearing, Ballentine the plaintiff in attachment, proved his demand against Curtis ; and the justice says, to use his own words, that the witness “ also proved as attached in the hands of Thomas Brackon, the Garnishee, due the defendant, sixteen dollars.” Whereupon he gave judgment in favor of the plaintiff, for five dollars fifty cents debt, and two dollars and eighty cents costs, and awarded execution against Thomas Brackon the garnishee, for the same.
This proceeding was manifestly erroneous. No man is to be condemned without a hearing, or at least an opportunity of being heard. The justice if he was satisfied that there was a debt due from Curtis, the defendant in attachment, to Ballentine, should have given judgment for the latter accordingly ; and then at the instance of Ballentine, have summoned Brackon the garnishee, to appear and shew cause, why the plaintiff should not have execution against him, for the amount due the plaintiff. It is not surprising indeed, that the justice should have fallen into this error : the language of the statute is calculated to mislead'a mind not familiar with the rules of law. By the thirty-third section of the attachment act, Rev. Laws, 362, it is enacted, “that if the creditor shall make sufficient proof of the debt due him, and also of the effects, rights or credits in the hands of the garnishee, the said justice shall give judgment for the plaintiff, and award and issue execution thereof, to the constable, either against the effects of the defendant, or against the garnishee, as in other cases cognizable before a justice, &c.” This certainly looks, as if the statute contemplates but one hearing, and a judgment and execution thereon. But the act must be construed in reference to the principle that no man is to be condemned without an opportunity of being heard. The proceedings against the defendant in attachment, and those against the garnishee, are of a character very different from each other; and though the statute does not prescribe in detail, the mode of proceeding before a justice, against a garnishee, yet the justice ought to proceed as near as may be, in the manner directed by the statute, in the case of attachments out of the superior courts. The plaintiff in attachment must es *486 tablish his claim and get a judgment against the defendant in attachment, before any proceedings can be instituted against the garnishee.' He- must then be summoned or warned to appear, by process in the nature of a scire facias, to shew cause, as before stated, and thus afforded an opportunity to deny his indebtedness to the defendant in attachment, and- to defend himself as in other cases.

Let the execution he set aside,, and restitution awarded.